**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:  Susan Waczewski, Debtor.

**SUSAN WACZEWSKI,**

           **Appellant,**

-vs-                                            **Case No.  6:07-cv-214-Orl-19**

**LEIGH R. MEININGER,**

           **Appellee,**

_____

## ORDER

This case comes before the Court on Appellant Susan Waczewski's Motion For Reconsideration Of Order Directing Scope of Appeal.  (Doc. No. 24, filed Aug. 27, 2007.)

### Background

Appellant Susan Waczewski asks the Court to reconsider its Order limiting the scope of her appeal.  (Doc. No. 24 at p. 1.)  This Court previously dismissed the appeals of every Order except for the Order at Bankruptcy Docket Number 282.  (Doc. No. 22 at p. 5, filed Aug. 7, 2007.)  The Court further ordered that Appellant limit her appeal to the Bankruptcy Court's denial of sanctions against the Chapter 7 Bankruptcy Trustee and found that the "law of the case" doctrine barred any further challenges to the second settlement agreement. (*Id.* at p. 6.)  Appellant asks the Court to reconsider its Order.  (*See* Doc. No. 24 at p. 1.)

### Standard of Review

The Eleventh Circuit Court of Appeals has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a

judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id.* at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion fo reconsideration should not be used to reiterate arguments previously made. *Burger King Corp.*, 181 F. Supp. 2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id.*

**Analysis**

Appellant argues that the allocation of funds from the second settlement agreement between the bankruptcy estate of Appellant and that of her husband, Mr. Jose Waczewski, is an issue separate from the "propriety of the second compromise."[1] (Doc. No. 24 at p. 1.) The Bankruptcy Court approved the second settlement agreement as it was outlined in Bankruptcy Trustee's Motion. (Bankr. Dkt. No. 49 at p. 2, filed Nov. 20, 2002.) This Motion did not distinguish between Appellant

---

[1] The propriety of the second settlement agreement has been heavily litigated. The Eleventh Circuit Court of Appeals has twice affirmed the Bankruptcy Court's decision to approve the agreement. *See Waczewski v. Weatherford*, Nos. 6:06-cv-1076 & 6:06-bk-620, 2007 WL 2080423, at *3 (11th Cir. July 23, 2007).

and Mr. Waczewski in stating the compromised total of $10,800. (Bankr. Dkt. No. 34 at p. 5, filed Aug. 9, 2002.) This was in contrast to the first settlement agreement, also approved by the Bankruptcy Court (Doc. No. 29 at p.1, filed Feb. 21, 2002), adopting the Trustee's Motion which specified the amount to go to each debtor. (Doc. No. 25 at p. 2, filed Jan. 22, 2002.) The lack of distinction between Appellant and Mr. Waczewski in the second settlement agreement has not been the subject of any appeal until now.

Appellant and her husband originally filed jointly for bankruptcy under Chapter 7. (Bankr. Dkt. No. 265 at p. 1, n. 1.) On February 10, 2003, the Bankruptcy Court ordered separate administrations for the estates of Appellant and her husband. (Bankr. Dkt. No. 54 at p. 5.) Appellant later converted her estate to a Chapter 13 bankruptcy. (Bankr. Dkt. No. 197.) Once a Chapter 13 Trustee was appointed for Appellant, the Chapter 7 Trustee filed for statutory compensation and inadvertently allocated the entire $10,800 of the second settlement agreement to Appellant's estate, attributing none to the estate of Mr. Waczewski. (Bankr. Dkt. No. 265 at p. 2.) On September 26, 2006, Appellant and her husband filed a joint motion for sanctions against the Chapter 7 Trustee. (Bankr. Dkt. No. 250.)

In her motion for sanctions, Appellant argued that the Chapter 7 Trustee breached his fiduciary duty by failing to apportion the funds from the second settlement agreement between the two estates. (*Id.* at p. 3, ¶ 6.) The Bankruptcy Court agreed to the extent that Appellant alleged the Chapter 7 Trustee failed to properly allocate the settlements between the two estates. (Bankr. Dkt. No. 265 at p. 2.) Therefore, the Bankruptcy Court decided to split the second settlement proceeds using the same percentages as were used in the first settlement agreement. (*Id.* at pp. 2-3.) Appellant argues that this decision by the Bankruptcy Court is distinguishable from the propriety of the second

settlement agreement. (Doc. No. 24 at p. 1.) Appellant challenges "the Bankruptcy Court's authority to modify the second compromise sua sponte and in violation of the due process rights of the creditors." (*Id.*)

The Court recognizes the distinction between Appellant's two arguments. The propriety of the Bankruptcy Court's sua sponte allocation of the proceeds from the second settlement agreement has not yet been considered on appeal. Therefore, while the Court reaffirms its holding that Appellant shall not challenge the propriety of the second settlement agreement, the Court finds that Appellant may challenge the Bankruptcy Court's decision of how to distribute the funds of second settlement agreement contained in Bankruptcy Docket Number 265.

## Conclusion

Based on the foregoing, the Court **GRANTS** in part Appellant's Motion For Reconsideration. (Doc. No. 24.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 18, 2007.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party