UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:  Susan Waczewski, Debtor.

SUSAN WACZEWSKI,

                Appellant,

-vs-                                          Case No.  6:07-cv-214-Orl-19

LEIGH R. MEININGER,

                Appellee,

_____

## ORDER

This case comes before the Court on Appellant Susan Waczewksi's Motion for Reconsideration of the Court's Order at Docket Number 42.  (Doc. No. 43, filed Feb. 12, 2008.) Appellant argues that the Court erred in affirming the United States Bankruptcy Court's decision to deny sanctions against Appellee Leigh R. Meininger and to allocate the funds from the same second settlement agreement in the same proportion as was used in the first settlement agreement.  (*Id.*)

### Standard of Review

The Eleventh Circuit Court of Appeals has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment).  *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993).  Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion.  *Id.* at 806.  The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly

discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion fo reconsideration should not be used to reiterate arguments previously made. *Burger King Corp.*, 181 F. Supp. 2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id.*

**Analysis**

In her Motion for Reconsideration, Appellant merely reiterates the arguments that she made in her appeal and expresses disbelief in this Court's findings. (*See* Doc. No. 43.) For instance, Appellant states, "That anyone can buy the argument that the Trustee was acting against the interest of the estate because he wanted to ensure that the Bankruptcy Court had 'accurate' information is unfathomable." (*Id.* at p. 5.)[1] Also, Appellant asserts, "[W]hen analyzing how Mrs. Waczewski's case has been handled below, in context, one can only reach the conclusion that there is definitely something wrong." (*Id.* at p. 8.)[2] Finally, Appellant concludes:

> Considering the context above, and the illogical explanations of the Trustee for his actions, does not this Court have a firm and definite conviction that a mistake has been committed? Is it not clear that the Trustee has breached his fiduciary duties and has acted with the primary purpose of recovering of his, including more than he is entitled to? For the reasons above, this Court should consider the Order at issue in all regards mentioned above.

---

[1] Appellant fails, however, to address the bad faith standard on which the propriety of sanctions are determined. (*See* Doc. No. 42 at p. 7.)

[2] Appellant does not offer any newly discovered evidence or point to manifest errors in the law to support these claims.

(*Id.* at p. 17.)  This Court disagrees and finds that Appellant has failed to present any evidence of manifest injustice for which reconsideration is warranted.

## Conclusion

Based on the foregoing, the Court **DENIES** Appellant's Motion for Reconsideration.  (Doc. No. 43.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 29 , 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party